**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stella Brin, ) | No. CV-11-02100-PHX-NVW |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Tanner Medical Staffing, LLC, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which will be granted. The Court has concluded that Plaintiff's Complaint (Doc. 1) should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, the Complaint (Doc. 1) will be dismissed with permission to file an amended complaint by November 22, 2011.

**I.     Legal Standards**

   **A.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines

how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Finally, Rule 8 of the Federal Rules of Civil Procedure governs whether the complaint has sufficiently stated a claim upon which relief may be granted.

**B.     Rule 8**, **Federal Rules of Civil Procedure**

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be stated in a separate count. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and

- 2 -

1   plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a).
2   *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
3         "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  In
4   order to assist litigants to understand this requirement, Rule 84 of the Federal Rules of
5   Civil Procedure provides samples in an Appendix of Forms, which "illustrate the
6   simplicity and brevity that the[] rules contemplate."  Fed. R. Civ. P. 84; *see also McHenry*
7   *v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  An example is Form 11 (Complaint for
8   Negligence):

9       1. (Statement of Jurisdiction - See Form 7).

10      2. On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff.

11
12      3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $____.  Therefore, the plaintiff demands judgment against the defendant for $____,
13      plus costs.

14  A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level."
15  *Twombly*, 127 S. Ct. at 1965.

16  **II.**    **Analysis**
17      **A.**    **Plaintiff's Complaint**
18        Plaintiff's Complaint (Doc. 1), which names more than 60 defendants and appears
19  to assert multiple causes of action, falls far short of satisfying the federal pleading
20  requirements.  Although the Complaint states that this Court has federal question
21  jurisdiction, it includes no facts to form the basis of such jurisdiction.  Plaintiff does not
22  provide sufficient facts to show how Plaintiff's federal rights were violated by
23  Defendants' actions.  Moreover, without a sufficient basis for federal jurisdiction, there
24  can be no supplemental jurisdiction over the state law claims asserted in the complaint.
25        Further, Plaintiff's Complaint does not provide a "short and plain statement" of
26  any claim.  The Complaint does not include facts describing how specific Defendants'
27  actions were unlawful and harmed Plaintiff in a manner sufficient to raise a right to relief
28  above the speculative level.  It does not state each cause of action in a separately

- 3 -

1  enumerated claim directed at identified Defendants.  In addition to failing to comply with
2  Rule 8 and failing to state a claim for relief,  Plaintiff has named as Defendants two
3  judges who are absolutely immune from civil liability for money damages for their
4  judicial acts, *see Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288 (1991), as well
5  as other government officials who are likely immune from suit.

6  **B.     Leave to Amend**

7  If a defective complaint can be cured, the plaintiff is entitled to amend the
8  complaint before the action is dismissed.  *See Lopez*, 203 F.3d at 1127-30.  Therefore,
9  Plaintiff will be given an opportunity, if she so chooses, to amend her complaint to make
10 clear her allegations in short, plain statements with each claim for relief identified in
11 separate sections.  In the amended complaint, each claim of an alleged violation must be
12 set forth in a separate count and the factual allegations must be separately numbered.
13 Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a)
14 and (d)(1) of the Federal Rules of Civil Procedure.

15 Plaintiff is warned that if she elects to file an amended complaint and if she fails to
16 comply with the Court's instructions explained in this order, the action will be dismissed
17 pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil
18 Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix,
19 argumentative, and redundant amended complaint that did not comply with Rule 8(a));
20 *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming
21 dismissal of amended complaint that was "equally as verbose, confusing, and conclusory
22 as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming
23 dismissal without leave to amend second complaint that was "so verbose, confused and
24 redundant that its true substance, if any, [was] well disguised").

25 IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District
26 Court Without Prepaying Fees or Costs (Doc. 3) is granted with Plaintiff to serve process
27 if and when she is granted leave to serve an amended complaint.

28

1    IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure with permission to file an amended complaint by November 2, 2011.

    IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by November 2, 2011, the Clerk shall dismiss this action without further order of this Court.

    IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

    DATED this 1st day of November, 2011.

_____
Neil V. Wake
United States District Judge